Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
CELERINO CAHUA MAYAHUA, *individually and on behalf of all others similarly situated,*

Plaintiff,

-against-

DOCKS OFF 5TH LLC (D/B/A DOCKS OFF 5TH) and GREGORY PRANZO,

Defendants.
-----------------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiff Celerino Cahua Mayahua ("Plaintiff Cahua" or "Mr. Cahua"), individually and on behalf of all others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Docks Off 5th LLC (d/b/a Docks Off 5th) ("Defendant Corporation") and Gregory Pranzo ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Cahua is a former employee of Defendants Docks Off 5th LLC (d/b/a Docks Off 5th) and Gregory Pranzo.

2. Defendants own, operate, or control a seafood restaurant, located at 25 West 51st Street, New York, New York 10019, under the name "Docks Off 5th."

3. Upon information and belief, Individual Defendant Gregory Pranzo serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Cahua was employed as a dishwasher and food preparer at the restaurant located at 25 West 51st Street, New York, New York 10019.

5. At all times relevant to this Complaint, Plaintiff Cahua worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cahua appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Cahua the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants paid Plaintiff Cahua every two weeks, rather than weekly as required for manual workers, paid him late, and failed to pay him at all for his last two paychecks.

9. Defendants' conduct extended beyond Plaintiff Cahua to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cahua and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Cahua now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 146-1.4 and 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Cahua seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

13. Plaintiff Cahua also seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of himself, individually, and all other similarly situated current and former employees of Defendants, for Defendants' violations of the NYLL.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cahua's state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Cahua was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16. Plaintiff Celerino Cahua Mayahua ("Plaintiff Cahua" or "Mr. Cahua") is an adult individual residing in New York County, New York.

17. Plaintiff Cahua was employed by Defendants at Docks Off 5th from approximately July 10, 2025 until on or about November 8, 2026.

18. Plaintiff Cahua consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

*Defendants*

19. At all relevant times, Defendants owned, operated, or controlled a seafood restaurant, located at 25 West 51st Street, New York, New York 10019, under the name "Docks Off 5th."

20. Upon information and belief, Docks Off 5th LLC (d/b/a Docks Off 5th) is a foreign limited liability company organized under the laws of the State of Georgia and authorized to do business in the State of New York. Upon information and belief, it maintains its principal place of business at 25 West 51st Street, New York, New York 10019.

21. Defendant Gregory Pranzo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gregory Pranzo is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Gregory Pranzo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Cahua, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a seafood restaurant located near Rockefeller Center in the Midtown neighborhood of Manhattan in New York City.

23. Individual Defendant Gregory Pranzo possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Cahua's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cahua, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Cahua (and all similarly situated employees) and are Plaintiff Cahua's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Cahua and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Gregory Pranzo operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legal entity,

b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for his own benefit as the sole or majority member,

e. operating Defendant Corporation for his own benefit and maintaining control over this entity as a closed company,

f. intermingling assets and debts of his own with Defendant Corporation,

g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h. other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Cahua's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff Cahua, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cahua's services.

30. In each year from 2025 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the

restaurant on a daily basis, such as seafood and other food products, are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Cahua is a former employee of Defendants who was employed as a dishwasher and food preparer.

33. Plaintiff Cahua seeks to represent a collective of similarly situated individuals under 29 U.S.C. § 216(b) and a class of similarly situated individuals under Fed. R. Civ. P. 23.

*Plaintiff Celerino Cahua Mayahua*

34. Plaintiff Cahua was employed by Defendants from approximately July 10, 2025 until on or about November 8, 2026.

35. Defendants employed Plaintiff Cahua as a dishwasher and food preparer.

36. Plaintiff Cahua regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Cahua's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Cahua regularly worked in excess of 40 hours per week.

39. From approximately July 10, 2025 until on or about November 8, 2026, Plaintiff Cahua worked from approximately 4:00 p.m. until on or about 12:00 a.m., Tuesdays, Thursdays, and Fridays, and from approximately 10:00 a.m. until on or about 1:00 a.m., Saturdays and Sundays (typically 54 hours per week).

40. Plaintiff Cahua's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

41. For example, approximately twice a month Defendants required Plaintiff Cahua to start working at approximately 3:00 p.m. or 3:30 p.m., and approximately twice a month Defendants required him to work until approximately 2:00 a.m. on Saturdays and Sundays, and did not pay him for the additional time he worked.

42. Plaintiff Cahua was not granted any break or meal period of any kind.

43. When Defendants hired Plaintiff Cahua, they agreed to pay him $18.00 per hour for all hours worked.

44. Plaintiff Cahua accepted Defendants' offer and performed work for Defendants in reliance on Defendants' promise to pay him $18.00 per hour.

45. Defendants never paid Plaintiff Cahua at the agreed rate of $18.00 per hour, nor did they pay him overtime at one and one-half times that rate ($27.00 per hour) for hours worked in excess of forty per week.

46. From approximately July 10, 2025 until on or about November 8, 2026, Defendants paid Plaintiff Cahua approximately $530 to $570 per week, regardless of the number of hours he worked.

47. Defendants paid Plaintiff Cahua his wages in cash and, at times, by direct deposit.

48. Plaintiff Cahua was a "manual worker" within the meaning of NYLL § 190(4). He spent more than 25% of his working time performing physical labor, including washing dishes, lifting and carrying heavy pots, trays, and supplies, and preparing food, while standing for his entire shift.

49. Although Plaintiff Cahua was a manual worker, Defendants paid him every two weeks, rather than weekly.

50. Defendants regularly paid Plaintiff Cahua his wages late.

51. Defendants failed to pay Plaintiff Cahua any wages for his last two paychecks.

52. Plaintiff Cahua never punched in or out himself. Instead, a manager or a chef, Chef Victor, punched in and out for him, and Defendants' time records did not accurately reflect his actual hours worked.

53. On two occasions, Defendants required Plaintiff Cahua to sign documents, the contents of which he did not understand.

54. Defendants required Plaintiff Cahua to purchase "tools of the trade" with his own funds—including five pairs of black pants (approximately $25 each), five black shirts (approximately $30 each), and four black hats (approximately $15 each)—and did not reimburse him.

55. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cahua regarding overtime and wages under the FLSA and NYLL.

56. Defendants did not provide Plaintiff Cahua an accurate statement of wages, as required by NYLL 195(3).

57. Defendants did not give any notice to Plaintiff Cahua, in English and in Spanish (Plaintiff Cahua's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

58. As a result of Defendants' failure to provide Plaintiff Cahua with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cahua (and all similarly situated employees) to work without paying him appropriate minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

60. Plaintiff Cahua was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61. Defendants' pay practices resulted in Plaintiff Cahua not receiving payment for all his hours worked, and resulted in Plaintiff Cahua's effective rate of pay falling below the required minimum wage rate.

62. Defendants habitually required Plaintiff Cahua to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63. Defendants paid Plaintiff Cahua and other manual workers every two weeks, rather than weekly, and regularly paid them late.

64. Defendants required Plaintiff Cahua and other employees to purchase their own uniforms, without reimbursement.

65. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

66. Defendants paid Plaintiff Cahua his wages in cash and, at times, by direct deposit.

67. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cahua (and similarly situated individuals) worked, and to avoid paying Plaintiff Cahua properly for his full hours worked.

69. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cahua and other similarly situated current and former workers.

71. Defendants failed to provide Plaintiff Cahua and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

72. Defendants failed to provide Plaintiff Cahua and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

73. As a result of Defendants' failure to provide Plaintiff Cahua and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Cahua and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

74. Plaintiff Cahua brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

75. At all relevant times, Plaintiff Cahua and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

76. The claims of Plaintiff Cahua stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

77. Plaintiff Cahua sues on his own behalf and on behalf of a class of persons similarly situated under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

78. Plaintiff Cahua brings his New York Labor Law minimum wage, overtime, spread of hours, frequency of pay, unpaid wages, equipment costs, wage notice, and wage statement claims on behalf of all non-exempt persons who are or were employed by Defendants in the State of New York, including dishwashers, food preparers, cooks, porters, bussers, and other kitchen and front-of-house workers, on or after the date that is six years before the filing of the complaint in this case, to the entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Cahua, are referred to herein as the "Class."

79. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are more than forty members of the Class.

80. The identity of the Class members, as well as their dates of employment, hours, and compensation, is readily ascertainable from Defendants' records.

81. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. whether Defendants employed Plaintiff Cahua and the Class members within the meaning of the NYLL;

b. whether Defendants paid Plaintiff Cahua and the Class members at least the minimum wage for all hours worked;

c. whether Defendants failed to pay Plaintiff Cahua and the Class members overtime at one and one-half times their regular rate for hours worked in excess of forty per workweek;

d. whether Defendants failed to pay Plaintiff Cahua and the Class members spread of hours pay for each day in which their spread of hours exceeded ten hours;

e. whether Defendants failed to pay Plaintiff Cahua and the Class members, who were manual workers, on a weekly basis, as required by NYLL § 191(1)(a);

f. whether Defendants failed to pay Plaintiff Cahua and the Class members all wages due, including their final wages;

g. whether Defendants required Plaintiff Cahua and the Class members to purchase their own uniforms and tools of the trade without reimbursement;

h. whether Defendants failed to provide Plaintiff Cahua and the Class members with wage notices as required by NYLL § 195(1);

i. whether Defendants failed to provide Plaintiff Cahua and the Class members with accurate wage statements as required by NYLL § 195(3);

j. whether Defendants maintained accurate records of the hours worked and wages paid to Plaintiff Cahua and the Class members;

k. whether Defendants' violations of the NYLL were willful; and

l. the nature and extent of class-wide injury and the measure of damages for those injuries.

82. The claims of Plaintiff Cahua are typical of the claims of the Class. Plaintiff Cahua and the Class members were all subject to Defendants' policies and willful practices of failing to pay them the minimum wage, overtime, and spread of hours pay, paying them every two weeks

and late, requiring them to purchase their own uniforms, and failing to provide them with wage notices and accurate wage statements. Plaintiff Cahua and the Class members have thus sustained similar injuries as a result of Defendants' actions.

83. Plaintiff Cahua will fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff Cahua is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

84. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are low-wage workers who lack the financial resources to vigorously prosecute individual lawsuits against Defendants. The damages suffered by each individual Class member are small relative to the expense and burden of individual litigation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require, and will avoid the risk of inconsistent or varying adjudications.

85. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

86. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiff Cahua's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cahua (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

91. Defendants failed to pay Plaintiff Cahua (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92. Defendants' failure to pay Plaintiff Cahua (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93. Plaintiff Cahua (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants, in violation of the FLSA, failed to pay Plaintiff Cahua (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay (in Plaintiff Cahua's case, his agreed regular rate of $18.00 per hour) for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

96. Defendants' failure to pay Plaintiff Cahua (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97. Plaintiff Cahua (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

98. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants were Plaintiff Cahua's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Cahua (and the Class members), controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

100. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cahua (and the Class members) less than the minimum wage.

101. Defendants' failure to pay Plaintiff Cahua (and the Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiff Cahua (and the Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

103. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff Cahua (and the Class members) overtime compensation at rates of one and one-half times the regular rate of pay (in Plaintiff Cahua's case, his agreed regular rate of $18.00 per hour) for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y.C.R.R. § 146-1.4.

105. Defendants' failure to pay Plaintiff Cahua (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106. Plaintiff Cahua (and the Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

107. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

108. Defendants failed to pay Plaintiff Cahua (and the Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cahua's (and the Class members') spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

109. Defendants' failure to pay Plaintiff Cahua (and the Class members) an additional hour's pay for each day Plaintiff Cahua's (and the Class members') spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110. Plaintiff Cahua (and the Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

111. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

112. Plaintiff Cahua (and the Class members) were "manual workers" within the meaning of NYLL § 190(4).

113. Defendants failed to pay Plaintiff Cahua (and the Class members) their wages weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a).

114. Defendants are liable to Plaintiff Cahua (and the Class members) for damages as provided by NYLL § 198(1-a), including interest on the late-paid wages and, for any violation after a prior finding or judgment, liquidated damages.

## SEVENTH CAUSE OF ACTION

## UNPAID WAGES UNDER THE NEW YORK LABOR LAW

115. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

116. Defendants failed to pay Plaintiff Cahua (and the Class members) all wages earned, including Plaintiff Cahua's final two paychecks, in violation of NYLL §§ 191 and 193.

117. Defendants further failed to pay Plaintiff Cahua his agreed wages of $18.00 per hour for all hours worked, in violation of NYLL §§ 191 and 193.

118. Defendants' failure to pay Plaintiff Cahua (and the Class members) all wages earned was willful.

119. Plaintiff Cahua (and the Class members) are entitled to recover their unpaid wages, liquidated damages, interest, and attorneys' fees and costs pursuant to NYLL § 198.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

120. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

121. Defendants failed to provide Plaintiff Cahua (and the Class members) with a written notice, in English and in their primary language (Spanish, in the case of Plaintiff Cahua), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

122. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Cahua, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

123. Defendants are liable to Plaintiff Cahua (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

124. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

125. With each payment of wages, Defendants failed to provide Plaintiff Cahua (and the Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

126. As a result of Defendants' failure to furnish accurate statements to Plaintiff Cahua, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

127. Defendants are liable to Plaintiff Cahua (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## TENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

128. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

129. Defendants required Plaintiff Cahua (and the Class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, including uniforms, further reducing their wages in violation of the FLSA and NYLL, 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-c(2); and 12 N.Y.C.R.R. § 146-1.8.

130. Plaintiff Cahua (and the Class members) were damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## BREACH OF CONTRACT

131. Plaintiff Cahua repeats and realleges all paragraphs above as though fully set forth herein.

132. Defendants and Plaintiff Cahua entered into an agreement under which Defendants agreed to pay Plaintiff Cahua $18.00 per hour for all hours he worked.

133. Plaintiff Cahua performed his obligations under the agreement by working for Defendants.

134. Defendants breached the agreement by failing to pay Plaintiff Cahua $18.00 per hour for all hours worked, and by failing to pay him at all for his final two paychecks.

135. As a result of Defendants' breach, Plaintiff Cahua was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cahua respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this case as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class as defined herein, appointing Plaintiff Cahua as representative of the Class, and appointing his counsel as Class Counsel;

(c) Enjoining Defendants from continuing to pay manual workers less often than weekly, and ordering Defendants to provide all current employees with the wage notices and wage statements required by NYLL § 195;

(d) Ordering Defendants to produce the names, last known addresses, telephone numbers, and dates of employment of all Class members, and authorizing notice to the Class;

(e) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cahua and the FLSA Class members;

(f) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cahua and the FLSA Class members;

(g) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cahua's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cahua and the FLSA Class members;

(i) Awarding Plaintiff Cahua and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(j) Awarding Plaintiff Cahua and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(k) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cahua and the Class members;

(l) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cahua and the Class members;

(m) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiff Cahua and the Class members;

(n) Declaring that Defendants violated the timely payment and unpaid wages provisions of the NYLL, including NYLL §§ 191 and 193, as to Plaintiff Cahua and the Class members;

(o) Awarding Plaintiff Cahua damages for Defendants' breach of contract, including the difference between the agreed rate of $18.00 per hour and the wages actually paid for all hours worked;

(p) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cahua's and the Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(q) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Cahua and the Class members;

(r) Awarding Plaintiff Cahua and the Class members damages for the amount of unpaid minimum wages, overtime compensation, spread of hours pay, and unpaid wages, and for any improper deductions or credits taken against wages, including the cost of tools of the trade, under the NYLL as applicable;

(s) Awarding Plaintiff Cahua and the Class members damages for Defendants' failure to pay wages on a timely basis, as provided by NYLL § 198(1-a);

(t) Awarding Plaintiff Cahua and the Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(u) Awarding Plaintiff Cahua and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, spread of hours pay, and unpaid wages shown to be owed pursuant to NYLL §§ 198(1-a) and 663 as applicable;

(v) Awarding Plaintiff Cahua, the FLSA Class members, and the Class members pre-judgment and post-judgment interest as applicable;

(w) Awarding Plaintiff Cahua, the FLSA Class members, and the Class members the expenses incurred in this action, including costs and attorneys' fees;

(x) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(y) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Cahua demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 18, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com


**BY HAND**

TO: Clerk of Court

## CONSENT TO BECOME A PARTY PLAINTIFF
## CONSENTIMIENTO PARA SER PARTE DEMANDANTE

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Docks off 5Th Restaurant and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Big Bubble Car Wash and Repair y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | CELERINO CAHUA MAYAHUA<br>501 W 134TH STREET, APT 12, NEW YORK, NY 10031 |
| **Signature / Firma:** | |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 16, 2026 |